Reverdy C. Ransom, III v. Commissioner.
Ransom v. Commissioner
Docket No. 3484.
United States Tax Court
1945 Tax Ct. Memo LEXIS 185; 4 T.C.M. (CCH) 553; T.C.M. (RIA) 45186; May 25, 1945
Reverdy C. Ransom, III, pro se. Walt Mandry, Esq., for the respondent. MELLOTT
Memorandum Findings of Fact and Opinion MELLOTT, Judge: The Commissioner determined a deficiency in income tax for the calendar year 1941 in the amount of $102. The errors charged are: (1) disallowance of deduction of $800 credit claimed for two minor children *186 under section 25 (b) (2), I.R.C.; and (2) the disallowance of one-half of the personal exemption of $1,500 claimed under section 25 (b) (1). Findings of Fact Petitioner is a resident of Hartford, Connecticut. His income tax return for the taxable year was filed with the collector of internal revenue for the district of Ohio at Cincinnati. At the beginning of the taxable year petitioner was living with his wife and two minor children at Xenia, Ohio. On January 9, 1941, he moved out of the home and instituted action for divorce. Divorce was granted in September 1941. In December 1941 petitioner married Lillian Jones with whom he was living on December 31, 1941. After the institution of the divorce action petitioner's then wife filed application for an order for temporary alimony, support for herself and children, and suit money. It was granted and petitioner was ordered to continue payments of the house rent in which the wife and children were living - it was $25 per month - and to pay her $25 per month. Payments aggregating $125 were made to the wife pursuant to the order and additional payments had previously been made to her aggregating $50 or so. Rent *187 in the amount of at least $50 was paid. In addition petitioner turned over to his wife the household furniture, having a value estimated by him to be $1,000, and paid her attorney's fees and court costs. The latter payments aggregated approximately $75. Petitioner's first wife was employed during most of the year 1941. She filed an income tax return with the collector of internal revenue for Ohio on what purports to be a fiscal year basis beginning March 16, 1941, and ending March 16, 1942. Therein she reported compensation of $1,500, claimed a personal exemption of $750, a credit of $800 for two dependent children and no tax was shown to be due. The amounts received from petitioner were not included in her gross income. Petitioner and his second wife filed separate returns. In the wife's return, made under Supplement T, she claimed one-half of the personal exemption allowed by section 25 (b) (1). In petitioner's return he checked the appropriate blocks indicating that he was married and living with his wife on the last day of the year, that each was filing a separate return, and that he was the head of a family on the last day of the year. He claimed three dependents, his mother, *188 for whom a credit of $400 has been allowed, and two daughters, the children referred to in the preceding paragraph. The Commissioner, in determining the deficiency, held that petitioner was not entitled to a personal exemption of $1,500 under section 25 (b) (1). He also held that petitioner was not entitled to credit for the two children under section 25 (b) (2) because they were not dependent upon and receiving their chief support from him. Opinion The applicable provisions of the statute are shown in the margin. [1] The Commissioner's disallowance of one-half of the personal exemption as the head of the family is clearly right. The regulations define a head of a family as an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for those dependent individuals is based upon some moral or legal obligation. If the dependent continuously makes his home elsewhere than with the one who is supporting him, his benefactor is not the head of a family irrespective of the question of support. *189 There was, of course, both a moral and legal obligation upon petitioner to support his wife and minor children. However, he moved out of the common home on January 9, 1941, and did not thereafter, during the taxable year, live with his family. The question of the dependency of his children will be discussed later. As we interpret the facts he was head of the family at the beginning of the year. He continued as such less than half a month. Under the statute this small period of time is to be disregarded. No personal exemption may therefore be allowed to him on the theory that he was the head of the family composed of his first wife and daughters. The statute allows a personal exemption of $1,500 to a married person living with husband or wife. Petitioner was living with his second wife at the end of the taxable year. She filed a separate return under Supplement T in which she claimed a personal exemption of $750. She had a right to do so; for the personal exemption may be taken by either or divided between them. However, in the language of the statute "if one spouse makes a return under Supplement T the personal exemption of the other spouse shall be $750." Under the statute, therefore, *190 the personal exemption of petitioner must be limited to $750. Under Section 25 (b) (2) a taxpayer is entitled to a credit of $400 for each person, whether related to him or not and whether living with him or not, dependent upon and receiving his chief support from him, if such dependent is either under eighteen years of age or is incapable of self-support because mentally or physically defective. The credit is based upon actual financial dependency and not mere legal dependency. It may accrue to a taxpayer who is not the head of a family. The evidence is rather meager but we are of the opinion it shows actual financial dependency of the children upon petitioner for six months of the taxable year. Legal dependency, of course, existed inasmuch as they were both under 18 years of age. The statute provides that if the status of the taxpayer changes during the taxable year the credit shall be apportioned, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, in accordance with the number of months before and after such change. The regulations (sections 29.25-6 and 7, Regulations 111) follow closely the statutory provisions and direct that the *191 credit be "apportioned to the period during which such status [of dependency] was occupied in such proportion as the number of months during which such status was occupied bears to 12 months." We therefore hold that six-twelfths of $800 - $400 - shall be allowed as a credit for dependents. Decision will be entered under Rule 50. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * * * *
(b) Credits for Both Normal Tax and Surtax. - There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income: (1) Personal Exemption. - In the case of a single person or a married person not living with husband or wife, a personal exemption of $750; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $1,500. A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $1,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them, except that if one spouse makes a return under Supplement T, the personal exemption of the other spouse shall be $750. (2) Credit for Dependents. - (A) Allowance in General. - $400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective. * * * * *
(3) Change of Status. - If the status of the taxpayer, insofar as it affects the personal exemption or credit for dependents, changes during the taxable year, the personal exemption and credit shall be apportioned, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, in accordance with the number of months before and after such change. For the purpose of such apportionment a fractional part of a month shall be disregarded unless it amounts to more than half a month in which case it shall be considered as a month.↩